IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr79 |
| | ) | |
| DERIC JEVON TWITTY, | ) | |
| | ) | |
| Defendant. | ) | |

<u>POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING</u>

The United States of America, through its attorneys, Dana J. Boente, United States

Attorney, and William D. Muhr, Assistant United States Attorney, hereby submits its position

with respect to the defendant's sentencing factors. In the Presentence Investigation Report (PSR),

the United States Probation Office determined the applicable guideline range to be a term of 324

to 405 months' imprisonment based on a Total Offense Level of 31 and a Criminal History

Category of VI.

In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements

and this Court's policy regarding guidelines sentencing, the United States represents that it has

reviewed the PSR and disputes neither the sentencing factors nor the guidelines range calculation

set forth therein. The United States moves for a one level reduction in the defendant's offense

level based on his acceptance of responsibility under Section 3E1.1(b) of the Sentencing

Guidelines and Policy Statements. The United States submits that a sentence within the

Guideline range would fulfill the purposes as set forth in 18 U.S.C. § 3553(a).

## **DEFENDANT'S OBJECTIONS TO THE PRESENTENCE**

### 1. **Paragraph 20, Base Offense Level**

The defendant objects to being attributed with 11.6204 kilograms of Methamphetamine

because he was not charged with the distribution of Methamphetamine and the Statement of

Facts does not state that the defendant participated in the distribution of Methamphetamine. U.S.S.G § 1B1.3(a)(2) states in pertinent parts that factors that determine the Guideline Range include, "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured or willfully caused by the defendant and …. were part of the same course of conduct or common scheme or plan as the offense of conviction."  The Guidelines refer to this as "Relevant Conduct".  The defendant is responsible for Methamphetamine as relevant conduct.

For the purpose of "Relevant Conduct" it does matter whether the conduct was charged in indictment or whether the defendant pled to that actual charge as long as it is "part of the same course of conduct or common scheme or plan as the offense of conviction."  *See, e.g., United States v. Ellis,* 975 F.2d 1061, 1067 (4th Cir. 1992) (upholding sentence based on 1.6 kilograms of cocaine base in conspiracy, although defendant only pled guilty to possession with intent to distribute 4.4 grams).  Even dismissed or acquitted counts in an indictment can count as 'Relevant Conduct".  *See e.g., United States v. Grubbs*, 585 F.3d 793, 803-04 (4th Cir. 2009) (uncharged conduct), *cert denied*, 130 S.Ct. 1923 (2010); *United States v. Watts*, 519 U.S. 148, 155-56 (acquitted conduct); *United States v. Ellis*, 975 F.2d 1061 (4th Cir. 1992 (dismissed count).  In determining "Relevant Conduct" the court may consider any relevant and reliable evidence, even hearsay.  *See e.g., United States v. Bowman*, 926 F.3d 380, 381 (4th Cir. 1991) and *United States v. Wilson*, 896 F.2d 856, 858 (4th Cir. 1990). See also U.S.S.G § 6A1.3(a).

In the present case the defendant in a *Mirandized* statement confessed to the distribution of nine kilograms of Methamphetamine (see paragraph #10 of the PSR) and on May 3, 2016, during a search warrant of his residence the agents located 2,620.34 grams of Methamphetamine (see paragraph #11 of the PSR).  The Methamphetamine listed in the Presentence Report clearly fits within the definition of 'Relevant Conduct' and is reliable information for the court to

consider.  Therefore, the Presentence Report is correct in assessing the defendant with 11.6204 kilograms of Methamphetamine and the defendant's objection should be denied.

**2. Paragraph 23, Adjustment for Role in the Offense**

The Presentence Report in paragraph 23 pursuant to U.S.S.G. § 3B1.1(b) enhances the defendant's offense level by three points by classifying him as a manager or supervisor of a criminal activity involving five or more participants or is otherwise extensive.  The defendant claims that there are neither five or more participants nor is the criminal activity extensive therefore this enhancement should not apply.  The government contends that there are five or more participants and the criminal activity is extensive.

In paragraph 5 of the Presentence Report the defendant himself admits to the participation of five or more individuals in the criminal activity.  In paragraph 2 of the Statement of Facts (SOF) there are the two co-conspirators who delivered narcotics up and down the Eastern Seaboard of the United States and collected drug proceeds.  In paragraph 5 of the SOF there is the co-conspirator who received the large shipment of heroin at her residence.  In paragraphs 7 & 8 of the SOF, the two co-conspirators were delivering narcotics and picking up proceeds from unknown co-conspirators in Philadelphia, Pennsylvania, the Bronx, New York, Charlotte, North Carolina and West Palm Beach, Florida—as a minimum this includes four additional co-conspirators.  In paragraph 16 of the SOF the defendant is obtaining his source of supply for the drugs from various members of a Mexican drug cartel.  Lastly, in paragraph #17 of the SOF it shows that there were a minimum of four additional co-conspirators in Arizona, California and Mexico who were account holders and would quickly withdraw funds that were deposited proceeds by other co-conspirators of the defendant.  Clearly, there were a lot more than five participants in this criminal activity.

The criminal activity was also very extensive.  The defendant was dealing with a Mexican drug cartel and was obtaining multiple kilograms of cocaine, heroin, marijuana and methamphetamine.  The distribution network for the drug enterprise covered many cities within the Eastern seaboard of the United States.  The drug enterprise used sophisticated methods to get the drug proceeds back to the Mexican drug cartel.  The criminal activity that the defendant participated in was clearly extensive.  Therefore, because the criminal activity of the defendant involved five or more participants and was extensive the defendant was correctly given a leadership enhancement and the defendant's objection should be denied.

3.   **Paragraph 5 of the PSR and sub-paragraph 15, lawful employment**

In the Presentence in paragraph 5 it contains the Statement of Facts to which the defendant agreed when he entered a guilty plea.  In paragraph 15 of the SOF it states that the defendant was not lawfully employed during the course of the conspiracy which ran from June 2014 through May 2016.  In paragraphs 64-65 of the PSR it lists some employment for the defendant during the course of the conspiracy.  It is the government's position that whether or not the defendant was lawfully employed during the conspiracy has no effect on the Guideline range and therefore the government takes no position on this matter.

**II.**   **Position on Sentencing and Argument**

For the reasons that follow, the government respectfully submits that a sentence within the Guideline range is appropriate and reasonable in light of the Section 3553(a) factors.

A.   Nature and Circumstances of the Offense

The nature of this offense is very serious.  From June 2014 through May 2016 the defendant was involved in a very extensive drug operation.  He was obtaining multiple kilograms of heroin, cocaine, marijuana and methamphetamine from a Mexican drug cartel and was

4

distributing these drugs up and down the Eastern seaboard of the United States.  Numerous people were involved in this drug conspiracy.  As in any drug conspiracy there are undoubtedly a number of faceless victims including the users of drugs and members of their families who painfully observe their loved ones deteriorate under the influence of drugs—or family members who are deprived of the basic necessities of life because the money goes to purchase drugs.  In addition, the defendant sold heroin and there has been a significant increase in drug overdoses resulting in death from the use of heroin in the Tidewater area of Virginia and across the country. The defendant was profiting from other people's misery.  In addition, the defendant was involved in this extensive drug operation while he was on supervised release from this court (Judge Morgan) for a previous drug conviction.

       B.      History and Characteristics of the Defendant

This thirty-seven-year-old defendant was born in Portsmouth, Virginia.  The defendant grew up in a very stable family with his parents and a sister.  He describes his childhood years in positive terms.  The defendant's father is deceased and his mother is 70 years of age and is a retired school teacher.  His sister is employed as a travel agent.  The defendant's mother describes the defendant during childhood as a quiet and respectful child.  She states that the defendant got into criminal activity because he wanted to obtain wealth quickly.  The defendant states he got involved in criminal activity because he started hanging around with the wrong element.  The defendant dropped out of school in his Senior year, but did obtain his GED.  The defendant started using marijuana at the age of 13 or 14 and has participated in two substance abuse programs.  Throughout his life the defendant has been employed at various times and in various capacities.  In 1999 he was convicted in the Portsmouth Circuit Court of possession of cocaine and possession of a firearm with drugs.  He was sentenced to an eight year suspended

sentence.  In 2000 the defendant was convicted in Portsmouth Circuit Court of possession of cocaine.  He was sentenced to a three year suspended sentence.  In 2000 he was convicted in the Chesapeake Circuit Court of possession of cocaine.  He was sentenced to a five year suspended sentence.  In 2004, the defendant was convicted in the United States District Court in Newport News, Virginia for distribution of heroin and crack cocaine.  He was sentenced to five years imprisonment.  In 2011 the defendant was revoked in the Portsmouth Circuit Court for his previous drug convictions and sentenced to three years. Also in 2011 the defendant was revoked in the Chesapeake Circuit Court for his previous drug conviction and sentenced to five years with four years, six months suspended.

    C.    Other Factors to be Considered Under 18 U.S.C. § 3553(a)

Among the other factors a sentencing court is to consider under Section 3553(a), the United States highlights the need for the sentence imposed in this case to promote respect for the law, afford adequate deterrence to future criminal conduct, and protect the public from any future crimes he may commit.

The defendant has shown little for respect for the law which is evidenced by his many drug convictions, he has not been deterred from selling drugs even though he has been convicted a number of times and has served time.  The defendant was convicted three times in state court for drug offenses and only received suspended sentences.  Surely this emboldened him to carry on his drug activity.  Clearly the criminal activity of the defendant poses a danger to the community.  The United States submits that a sentence within the Guideline range would be a sentence that is sufficient, but not greater than necessary, to fulfill the purposes of Section 3553(a).

Respectfully submitted,

Dana J. Boente
United States Attorney

By:       /s/                                
William D. Muhr
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
(757) 441-6331 Office
(757) 441-6689 Fax
bill.muhr@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 7th day of October, 2016, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification to

the following:

Eric Leckie, Esq.

999 Waterside Drive, Suite 2525

Norfolk, VA 23510

Phone: (757) 457-2930

I HEREBY CERTIFY that on this 7th day of October, 2016, I mailed a true and correct

copy of the foregoing to the following:

Darryl A. Upshur

United States Probation Officer

600 Granby Street

Suite 200

Norfolk, VA 23510

Phone: (757) 222-7316

Email: Darryl_A_Upshur@vaep.uscourts.gov

_____/s/_____

William D. Muhr

Assistant United States Attorney

United States Attorney's Office

101 West Main Street, Suite 8000

Norfolk, VA 23510

(757) 441-6331 Office

(757) 441-6689 Fax

bill.muhr@usdoj.gov